# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:07cr117

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROBERT KEITH ROSS. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure Rule 60(b)(4) [Doc. 37].

## PROCEDURAL HISTORY

On October 6, 2008, the Defendant was convicted after entering a guilty plea of manufacturing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. §841(a)(1). [Doc. 17]. He was sentenced to 110 months imprisonment. [Id.]. The Defendant did not file a direct appeal.

On September 23, 2009, he timely filed a motion pursuant to 28 U.S.C. §2255. [Ross v. United States, Civil Case No. 1:09cv365, at Doc. 1]. On September 9, 2010, the trial court denied that motion and dismissed the civil

proceeding. [Id., at Doc. 2]. The United States Court of Appeals for the Fourth Circuit declined to issue a Certificate of Appealability and the appeal was dismissed. United States v. Ross, 428 F.App'x. 237 (4th Cir. 2011).

The Defendant then filed this motion in his criminal case claiming that he is entitled to relief from judgment because there was no laboratory report showing that any specific weight of methamphetamine was found.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) provides that a court may relieve a party from a final judgment which is void. At issue is whether the Defendant's filing is in substance an attempt to file a second or successive motion pursuant to §2255 or whether it is a genuine Rule 60(b)(4) motion for relief from judgment.[1]

> As amended by the AEDPA,[2] §2255 bars successive applications unless they contain claims relying on
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

---

[1] In either event, the motion should have been filed in the civil case. The fact that the Defendant filed it in his criminal case portends that he sought to avoid being found to have made a successive filing.

[2] The Antiterrorism and Effective Death Penalty Act of 1996.

2

> that was previously unavailable.
>
> ...
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> ...
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003), cert. denied 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003).

The Defendant's sole ground for relief is that he was convicted of conduct involving a certain weight of methamphetamine which was allegedly not documented by a laboratory report. "The ultimate question here is whether [the Defendant's] motion for [relief from judgment] should [be] treated as a successive collateral review application." Id. at 203.

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application."
>
> ...
>
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion

3

directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Winestock, 340 F.3d at 207 (emphasis in original).

In ruling on the Petitioner's[3] first motion pursuant to §2255, the Court addressed and rejected his claim that he was entitled to disclosure of the actual laboratory report and that its absence made it impossible for him to know the exact quantity of actual methamphetamine involved. [Ross v. United States, Civil Case No. 1:09cv365, at Doc. 2]. The Court ruled that the Petitioner did not, pursuant to U.S.S.G. §2D1.1, have the option of pleading to a quantity of actual methamphetamine as opposed to a quantity of methamphetamine mixture. [Id. at 12]. "The offense level was calculated both ways, and the higher one was to be applied," pursuant to the Guidelines. [Id.]. Moreover, even though there was evidence that the Petitioner had been responsible for some 1,753.3 grams, he agreed in his plea agreement to

---

[3]In discussing the §2255 motion, the Defendant will be referred to as the Petitioner.

4

jointly recommend to the Court that he be found responsible for at least 50 but less than 200 grams. This resulted in Petitioner's mandatory minimum being reduced to five years, but he now wishes to repudiate his own stipulation.

Nonetheless, in an attempt to bootstrap a "defect in the §2255 proceeding" which warrants relief pursuant to Rule 60(b), the Defendant again argues that he should have received a copy of the laboratory report while admitting that the drug quantities specified in the pre-sentence report were based on a laboratory report. [Doc. 37 at 2]. In so doing, he continues to attack the integrity of his sentence and by so doing, is continuing his collateral attack thereon. Winestock, 340 F.3d at 207; United States v. Atkins, 2006 WL 1071466 (D.D.C. 2006) ("Generally, a motion brought pursuant to Rule 60(b) challenges the integrity of the collateral review process of the sentence, rather than the sentence itself.") (citing Winestock, supra.); Hall v. United States, 2007 WL 2285088 (D.Md. 2007) ("Petitioner may not circumvent the limitations on successive collateral review by attaching a different label to his pleading.").

Assuming that this claim is not merely a repetition of the first one, it is nonetheless a successive or second §2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); Winestock, 340 F.3d at 207. ("a brand-new, free-standing allegation of constitutional error in the

5

underlying criminal judgment will virtually always implicate the rules governing successive applications"). Without certification from the Fourth Circuit, this Court has no jurisdiction to entertain it. Santiago v. United States, 64 F.App'x. 281, 286 (2nd Cir. 2003), cert. denied 540 U.S. 992, 124 S.Ct. 489, 157 L.Ed.2d 390 (2003) ("Santiago's Apprendi/Casitllo claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration. ... [A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."); United States v. Ray, 4 F.App'x. 197, 2001 WL 135671 (4th Cir. 2001).

As previously noted, the Petitioner sought leave to appeal and the Fourth Circuit dismissed the appeal, declining to issue a Certificate of Appealability. The Defendant's attempt now to raise the issue again in the form of a Rule 60(b) motion in his criminal case continues to be an attack on his conviction and sentence. Winestock, 340 F.3d at 207 ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application"). By continuing to assert that he is entitled to relief because there was no proof of the actual amount of methamphetamine, the Defendant here is merely challenging "the validity of his sentence, and thus the motion [must be] construed as a successive" §2255 motion. United States

v. Sheppard, 2010 WL 3096283 (4th Cir. 2010), cert. denied __ U.S. __, 131 S.Ct. 583, 178 L.Ed.2d 425 (2010); Scott v. United States, 2009 WL 186185 (W.D.N.C. 2009), appeal dismissed 346 F.App'x. 975 (4th Cir. 2009) (rejecting Rule 60(b) motion as attacking conviction and sentence); Hall, 2007 WL 2285088. (petitioner's claim that he was entitled to Rule 60(b) relief because the threshold amount of 50 grams of cocaine base was not determined by the jury was attack on conviction). Since it is a successive petition, the Defendant is required to present it in the first instance to the Circuit Court. Winestock, 340 F.3d at 205; United States v. Griffin, 397 F.App'x. 902 (4th Cir. 2010) ("[B]ecause the motion only attack[s] the merits of the underlying order, rather than a defect in the §2255 proceeding, the reconsideration motion [must be] construed as an unauthorized second or successive §2255 motion and dismissed on that basis.").

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Vacate Judgment pursuant to Federal Rule of Civil Procedure Rule 60(b)(4) [Doc. 37] is hereby **DENIED**.

Signed: March 5, 2012

Martin Reidinger
United States District Judge