# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:09-cv-00365-MR
## [Criminal Case No. 1:07-cr-00117-MR-1]

| | |
|---|---|
| ROBERT KEITH ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a review of Petitioner's "Motion to Vacate Judgment Pursuant to Federal Rules Civil Procedure Rule 60(b)(4)" [Doc. 18]. For the reasons that follow, Petitioner's motion will be treated as a successive § 2255 motion and will be dismissed.

## I.  BACKGROUND

The Petitioner was convicted following his plea of guilty to one count of the manufacture and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the Court found that Petitioner was responsible for more than 50 but less than 200 grams of methamphetamine mixture. The Petitioner was sentenced to 110 months' imprisonment, and he did not file a direct appeal from this

criminal judgment. [Criminal Case No. 1:07-cr-00117-MR, Doc. 17: Judgment].

On September 23, 2009, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. On September 9, 2010, the Court entered an Order denying and dismissing the Petitioner's Section 2255 motion after finding that it was without merit. [Doc. 2]. The Petitioner appealed, but the United States Court of Appeals for the Fourth Circuit dismissed, finding that the Petitioner had failed to show that he was entitled to a certificate of appealability on the issues he raised in his Section 2255 motion. [Doc. 8].

On August 3, 2012, the Petitioner filed a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, arguing that his criminal judgment is void because he was sentenced based on an erroneous finding regarding drug amounts. [Doc. 11]. The Court dismissed this motion as a successive § 2255 motion on January 18, 2013. [Doc. 12].

On September 19, 2013, the Petitioner filed a second Rule 60(b)(4) motion, arguing that his judgment is void because he was subjected to a three-level enhancement under a Guidelines provision that was not in effect at the time of his arrest. [Doc. 18].

## II. DISCUSSION

The relief sought by Petitioner in the present Rule 60(b)(4) motion is identical to the relief he could obtain through a successful § 2255 proceeding. Accordingly, the Court will treat his Rule 60(b) motion as a motion brought pursuant to Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second, or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Rule 60(b)(4) motion [Doc. 18] is **DISMISSED** as an unauthorized, successive Section 2255 motion.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 11, 2015

Martin Reidinger
United States District Judge