IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07 CR 117-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ROBERT KEITH ROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came before the undersigned pursuant to a Violation Report (#67) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on May 19, 2017, it appeared that Defendant was present with his counsel, Howard W. Anderson, III, and the Government was present through AUSA Tom Kent. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegations contained in the Violation Report (#67). The Government introduced, without objection, the Violation Report into evidence. Testimony was then presented by the Government through Jordan Horton, United States Probation

Officer. On March 20, 2017, a Petition (#58) was filed alleging Defendant had violated terms and conditions of his supervised release by testing positive for the use of marijuana and methamphetamine. Defendant is serving a term of supervised release as a result of his conviction for manufacturing and possessing with intent to distribute methamphetamine. On March 31, 2017, the undersigned entered an Order (#63) releasing the Defendant on terms and conditions of prehearing release. The undersigned further set conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Defendant submitted urine samples on March 3, 2017 and March 10, 2017 that tested positive for Defendant's use of marijuana. Copies of the tests results were introduced into evidence by the Government through Exhibits 1, 2, 3, 4 and 5. The records of the various tests of Defendant showed that the concentration of THCA and creatinine was increasing. The report of Pat Pizzo, Director of Toxicology at Alere Toxicology (Gov. Exhibit #5) is of the opinion that Defendant had reused marijuana prior to each of the collections of April 3, 2017 and April 10, 2017. This

was based upon the increased and normalized level of the marijuana drug present in the urine specimen collected on April 3, 2017 and April 10, 2017 as compared to the collection of the sample on March 31, 2017.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>     (1)    finds that there is----
>            (A) probable cause to believe that the person has committed a
>     Federal, State, or local crime while on release; or
>            (B) clear and convincing evidence that the person has violated any
>      other condition of release; and
>     (2)    finds that ---
>            (A) based on the factors set forth in section 3142(g) of this title, there
>     is no condition or combination of conditions of release that will assure that
>     the person will not flee or pose a danger to the safety of any other person or
>     the community; or
>            (B) the person is unlikely to abide by any condition or combination
>     of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The Defendant has possessed marijuana so he could consume that substance, which is at least a state misdemeanor as provided by N.C.G.S. § 90-95(a)(3).

There has been shown by clear and convincing evidence that Defendant violated the condition of release that ordered that he refrain from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. The drug marijuana is not prescribed by any licensed medical practitioner in this state.

The Defendant's criminal record consists of the following convictions:

| Date | County | Offense | Conviction |
|---|---|---|---|
| 5/30/80 | Burke | False information to a police officer | 8/12/80 |
| 7/20/82 | Burke | Larceny | 9/17/82 |
| 8/26/82 | Burke | 6 counts of larceny | 9/17/82 |
| 9/14/82 | Burke | Larceny | 11/23/82 |
| 12/26/82 | Burke | Driving while license revoked | 5/24/84 |
| 1/6/83 | Burke | No operator's license, simple assault | 3/25/84 |
| 3/9/83 | Burke | Failure to stop for emergency vehicle | 9/24/84 |
| 4/8/83 | Burke | Trespassing | 5/31/83 |
| 10/24/83 | Burke | Injury to personal property | 4/25/84 |
| 10/24/83 | Burke | Resisting public officer, resist and delay officer | 6/8/84 |
| 9/22/84 | Burke | Driving while license revoked | 10/5/84 |
| 12/9/86 | Burke | Felonious larceny | 6/8/87 |
| 1/27/87 | Burke | Breaking & entering | 6/8/87 |
| 6/29/88 | US District Ct. | Counterfeiting | 8/1/88 |
| 4/24/93 | US District Ct. | Possession with intent to distribute cocaine | 11/7/94 |
| 8/10/00 | US District Ct. | Unlawful possession of firearm in and affecting interstate commerce | 8/13/01 |

After considering the criminal record of Defendant and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the

undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: May 24, 2017

_____

Dennis L. Howell
United States Magistrate Judge